UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ZP NO. 314, LLC,                                    )<br>                                                     )<br>                                                     )<br>                                                     )<br>    Plaintiff,                                      )<br>                                                     )<br>v.                                                   )      CASE NO. 1:16-CV-00521-B<br>                                                     )<br>ILM CAPITAL, LLC, WE                                 )<br>COMMUNITIES, LLC, MOBILE CQ                          )<br>STUDENT HOUSING, LLC, ILM MOBILE                     )<br>MANAGEMENT, LLC, ANDREW J.                           )<br>HAWRYLAK, MICHAEL P. WHEELER,                        )<br>                                                     )<br>    Defendants.                                      )| |

**JOINT PROPOSED PRETRIAL ORDER**

Pursuant to this Court's Standing Order Governing Final Pretrial Conference [Doc. 81-1], the parties hereby submit this Joint Proposed Pretrial Order (with exhibits).

### A. JURISDICTION AND PARTIES

**I. Jurisdiction.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. No party contests this Court's jurisdiction or the correctness of the named plaintiff or defendants.

**II. Parties.**

    **a. Plaintiff**

1.    ZP No. 314, LLC ("ZP") is a North Carolina limited liability company. ZP owns and operates a student housing facility in Mobile, Alabama.

      **b. Defendants**

1. ILM Capital, LLC ("ILM Capital") is a real estate investment firm. Its portfolio includes Campus Quarters (a student living facility in Mobile, Alabama).

2. Mobile CQ Student Housing, LLC ("Mobile CQ") owns the real property on which Campus Quarters is situated.

3. ILM Mobile Management, LLC ("ILM Management") is a non-member manager of Mobile CQ.

4. WE Communities, LLC ("WE Communities") is a property management company and has managed Campus Quarters since approximately May 2016.

5. Michael P. Wheeler ("Wheeler") is the manager and sole member of ILM Capital, ILM Management, and WE Communities.

6. Andrew J. Hawrylak ("Hawrylak") is an employee of ILM Capital.

## B. STATEMENT OF THE CASE

The parties met and conferred in good faith and at length to settle upon an agreed statement of the case. However, given the parties' divergent interpretations of the Court's order on the parties' motions for summary judgment, the arguments raised by the parties in their motions to reconsider and/or amend said order, and the remaining issues to be tried in light of the order, the parties were unable to agree on a statement of the case. As such, this section includes a statement of the case by ZP and one by Defendants.

      **I. Plaintiff's Statement.**

This is an action in law and equity for trademark infringement and unfair competition under 15 U.S.C § 1125(a), Lanham Act § 43(a); violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); trademark infringement and unfair practices under Alabama


statutory law, *Ala. Code* § 8-12-16; and trademark infringement and unfair competition under the common law.  Plaintiff ZP claims that Defendants registered (and twice renewed the registrations of) eight domain names (the "Domains") infringing upon ZP's trademarks "ONE TEN" and "ONE TEN STUDENT LIVING" (the "Marks") for ZP's student housing facility, and redirected five of the Domains to the website for Defendants' competing student housing facility Campus Quarters, all with a bad faith intent to profit from the Marks.  Defendants assert that ZP's Marks were not entitled to trademark protection at the time of Defendants' alleged infringing conduct, that certain Defendants (ILM Mobile Management, Mobile CQ Student Housing, and WE Communities) are not proper defendants, that Defendants did not have a bad faith intent to profit from the Marks, that there was little likelihood of confusion, and that ZP's claims are precluded by the doctrine of unclean hands.

## II.   Defendants' Statement.

This is an action for cybersquatting in violation of the Lanham Act. ZP contends that, in May 2018, Defendants renewed the registrations of eight domain names (the "Domain Names") which were identical or confusingly similar to ZP's ONE TEN and ONE TEN STUDENT LIVING trademarks (the "Marks"), and that Defendants did so with a bad faith intent to profit from those Marks. Defendants claim that they did not renew the registrations of the Domain Names with a bad faith intent to profit from the Marks or for any other wrong or improper purpose. Defendants also claim that they are eligible for the cybersquatting statute's safe harbor defense, which precludes liability where a person's actions were taken actions were taken with the good faith belief that the actions were fair use or otherwise lawful.

ZP also claims that the renewals of the Domain Name registrations constituted unfair competition, trademark infringement, and tortious interference in violation of Alabama state law.

Defendants claim that the renewals of the Domain Name registrations were not use in commerce and, further, that the conduct was imperceptible to potential consumers and, therefore, could not result in a likelihood of confusion. Defendants claim that ZP had no legally protectible business relationships with which Defendants could have interfered.

### C.  TRIABLE CLAIMS AND DEFENSES

As with the statement of the case, the parties met and conferred in good faith and at length in an attempt to agree upon the relevant legal elements of the remaining claims, and the issues remaining for trial. Again, however, the parties were unable to agree the elements of the legal claims and the facts relating to those claims given the parties' divergent interpretations of the Court's order on the parties' motions for summary judgment, the arguments raised by the parties in their motions to reconsider and/or amend said order, and the remaining issues to be tried in light of the order.

Based on the foregoing, ZP's Statement of Triable Claims and Defenses is attached hereto as Exhibit "A," and Defendants Statement of Triable Claims and Defenses is attached hereto as Exhibit "B."

### D.  TRIAL TIME

It is estimated that this action will take two to three (2-3) days to try.  Plaintiff expects to call approximately four to five (4 to 5) witnesses, and the Defendants expect to call approximately three (3) witnesses.

### E.  TYPE OF TRIAL

This is a non-jury trial.

### F. **MOTIONS**

#### I. **Motions Pending.**

Plaintiff's Motion to Alter, Amend, or Vacate the Court's Order (Doc. 130), or, in the Alternative, Motion for Certification of that Order for Interlocutory Appeal. ECF No. 133.

Defendants' Motion for Reconsideration. ECF No. 135.

Plaintiff's Motion for Oral Argument on Plaintiff's Motion to Alter, Amend, or Vacate, or, in the Alternative, for Certification for Interlocutory Appeal (Doc. 133), Together with the Related Response (Doc. 134) and Reply (Doc. 136). ECF No. 137.

Plaintiff's Motion to Strike Defendants' Sur-Reply. ECF No. 140.

Plaintiff's Motion to Stay Pending Resolution of Plaintiff's "Motion to Alter, Amend, or Vacate the Court's Order (Doc. 130), or, in the Alternative, Motion for Certification of that Order for Interlocutory Appeal" (Doc. 133) and also of Defendants' "Motion for Reconsideration" (Doc. 135) ECF No. 141.

#### II. **Motions Contemplated.**

##### c. **Motions in Limine.**

Pursuant to the Court's orders, the parties are filing their motions in limine contemporaneously herewith.

##### d. **Motions to Exclude Experts.**

Pursuant to the Court's orders, the parties are filing their motions to exclude experts contemporaneously herewith.

##### e. **Motions to Bifurcate Issues relating to Attorneys' Fees.**

The Lanham Act, 15 U.S.C. § 1117(a) permits the prevailing party to recover reasonable attorneys' fees in an "exceptional" case. The Alabama Trademark Act permits the recovery of reasonable attorneys' fees to the prevailing party under certain circumstances. Ala. Code § 8-12-18(c). Defendants intend to file a motion asking the Court to hold in abeyance any determination regarding attorneys' fees (including which party is the prevailing party, whether this is an

"exceptional" case under the Lanham Act, and whether either party is entitled to fees) until after trial and after post-trial motions, if any.

## G. DEPOSITIONS

Defendants may or will read the following pages of Ms. Snodgrass's deposition at trial (if Ms. Snodgrass does not testify): 25, 34-40, 71-77, 80, 90. Defendants reserve the right to use any portion of the deposition as necessary for impeachment purposes if Ms. Snodgrass testifies.

## H. WITNESSES

1. ZP's Witness List is attached hereto as Exhibit "C."

   a. ZP may or will call its expert, Glenda Snodgrass.

   b. Ms. Snodgrass's Qualifications:

Ms. Snodgrass is a lead consultant and project manager at The Net Effect, LLC, where her work consists of information security, technology consulting, and project management for commercial, non-profit, and governmental organizations.  Prior to founding The Net Effect in 1996, she worked for the Mobile Area Free-Net, and numerous law firms in Mobile, Alabama; Washington, D.C.; and Paris, France.

She is a frequent speaker at professional seminars and conferences, including Alabama State Bar, Mississippi State Bar, Florida State Bar, Alabama Circuit and District Judges Association, Government Finance Officers Association of Alabama, Gulf Coast Association of Certified Fraud Examiners, and Redstone Arsenal, among others.  She has been a guest lecturer at the University of West Florida, sponsored by their Center for Cybersecurity.  Her Cyber Self Defense workshops are routinely certified for CLE credits in both Alabama and Mississippi.

Her past work experience includes managing database applications (litigation support, POS Accounting, E-Commerce, CRM, ERP) in the U.S. and in France, and she has developed

numerous commercial websites, internet sites, and multiple browser-based applications in PHP & MySQL.

She is currently the president of the Gulf Coast Industrial Security Awareness Council, and an active member of INFRAGard, ASIS International, and Gulf Coast Technology Council, Chair of the Executive Roundtable for Mobile Area Chamber of Commerce, and involved with numerous organizations. She holds a B.A. from the University of South Alabama (1996) and a Maîtrise from Université de Paris I – Panthéon-Sorbonne in Paris, France.

    c.    Defendants object to Ms. Snodgrass as an expert witness as set forth in their motion to exclude her as a witness, which is being filed by Defendants contemporaneously herewith.

    2.    Defendants' Witness List is attached hereto as Exhibit "D."

    a.    Defendants may or will call their expert, Jay Brandrup.

    b.    Mr. Brandrup's Qualifications:

Mr. Brandrup is an honors graduate of Auburn University, where he earned his Bachelor of Science in Finance. Upon graduation, Mr. Brandrup founded his current company, Kinetic Communications LLP ("Kinetic"), which is and has always been based in Birmingham, Alabama. Since its inception, Kinetic's mission has been to help businesses understand and apply the latest Internet technologies. Kinetic's services include, but are not limited to, consultation, design, development, and online marketing. More information regarding Kinetic's services and offerings is available at www.kinetic.com.

Alongside his entire team, Mr. Brandrup assists clients in a wide range of industries, on a daily basis, with all elements that go into creating a presence on the Internet. That includes the planning, design, execution, testing, and maintenance of modern business websites. Of course, simply creating a website in today's digital world is not sufficient to meet most of Mr. Brandrup's

clients' needs. Therefore, an important facet of Kinetic's work involves assisting clients with Internet marketing and advertising, as well as domain name registration, maintenance, and brokerage needs. Mr. Brandrup regularly works directly with clients, understanding their wants and needs and advising them on methods to achieve and measure their goals. In addition to the big picture, Mr. Brandrup has regular occasion to get involved in the specifics of the work Kinetic is doing for its clients. He manages a team consisting of between ten and twenty individuals and regularly interacts with them and discusses ongoing projects and the work being done for Kinetic's clients.

Mr. Brandrup currently serve on the Board of Directors for REV Birmingham, Lakeshore Foundation, TechBirmingham, TechAlabama, Magic City Art Connection, and UCP of Alabama. He also currently serves on advisory boards for Southern Research, Oakworth Capital, Auburn University Harbert College of Business, and the University of Alabama at Birmingham - Information Systems department. Mr. Brandrup has served as Chairman of the TechBirmingham board and as the President of the Internet Professionals Society of Alabama.

    c. ZP objects to Mr. Brandrup as an expert witness as set forth in its motion to exclude him as a witness, which is being filed by Plaintiff contemporaneously herewith.

## I. DAMAGES/REMEDIES

### I. Plaintiff.

As to all of Plaintiff's claims, Plaintiff seeks injunctive relief, including directing Defendants to transfer the Domains Names to Plaintiff, and monetary relief for at least nominal damages.

As to Plaintiff's cybersquatting claims, Plaintiff has elected the monetary award of statutory damages under the ACPA, being a maximum amount of $100,000 per infringing

Domain Name registration, together with costs and attorneys' fees. Here, Defendants registered eight infringing Domain Names, and renewed each of those registrations twice, for a total of 24 registrations and a maximum statutory damages amount of $2,400,000. In the event that the Court grants judgment in favor of ZP, ZP will file its application for costs and reasonable attorneys' fees with supporting evidence of the appropriate amount requested at such time. That amount is not yet ascertainable because the instant case is still ongoing.

As to all other claims, Plaintiff claims costs and attorneys' fees, as permitted by applicable law.

## II. Defendants.

Defendants do not dispute that, if ZP prevails on its ACPA claim, ZP is entitled to elect statutory damages "of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d). However, Defendants state that, if ZP prevails, ZP's statutory damages should be limited to the statutory minimum of $1,000 per Domain Name. If ZP prevails and the Court determines ZP is entitled to statutory damages in excess of $1,000 per Domain Name, Defendants request an opportunity to submit case law on the range of statutory damage awards in cases involving violations of the ACPA to assist the Court in making its determination as to the amount of such damages that would be appropriate in this case.

Defendants dispute that ZP is eligible for up to $2.4 million in statutory damages if Defendants are found liable for cybersquatting. The ACPA provides for statutory damages to be awarded "per domain name," 15 U.S.C. § 1117(d), not per act of alleged cybersquatting. If ZP prevails, Defendants request an opportunity to submit case law to the Court regarding this issue.

Defendants seek reasonable attorney fees under the Lanham Act, 15 U.S.C. § 1117(a), in the event they are the prevailing party.

Mary Schaffer-Rutherford seeks reasonable attorneys' fees as a prevailing defendant under both the Lanham Act, 15 U.S.C. § 1117, and under the Alabama Trademark Act, Ala. Code § 8-12-18(c)(2).

Defendants seek costs if they are determined to be a prevailing party.

### J.  EXHIBITS

1. ZP's Exhibit List is attached hereto as Exhibit "E."

2. Defendants' objections to Plaintiffs' Exhibit List are attached hereto as Exhibit "F."

3. Defendants' Exhibit List is attached hereto as Exhibit "G."

4. Plaintiffs' objections to Defendants' Exhibit List are attached hereto as Exhibit "H."

### K.  ATTORNEYS

1. ZP is represented by David R. Quittmeyer and Craig Campbell of the law firm of Hand Arendall Harrison Sale, LLC, 104 Saint Francis Street, Suite 300, Mobile, Alabama 36602. A list of Hand Arendall Harrison Sale's attorney's is attached hereto as Exhibit "I."

2. Defendants are represented by Ellen T. Mathews of the law firm of Burr & Forman, LLP, 420 20th Street N, Suite 3400, Birmingham, Alabama 35203. Ms. Mathews' co-counsel, Taylor Barr Johnson, will be on maternity leave as of the date of trial, and Ms. Mathews has not yet determined which attorney, if any, will assist her during the trial. A list of Burr & Forman's attorneys is attached hereto as Exhibit "J."

### L.  TRIAL DATE

This action is set for trial on December 6, 2018.

32576533 v2

Respectfully submitted this 8th day of November, 2018.

               Respectfully Submitted,

               *s/ David R. Quittmeyer*
               David R. Quittmeyer
               Joseph Craig Campbell
               Hand Arendall Harrison Sale L.L.C.
               P.O. Box 123
               Mobile, AL 36601
               dquittmeyer@handarendall.com
               ccampbell@handarendall.com

                 *Counsel for Plaintiff*


               *s/ Ellen T. Mathews*
               Michael D. Strasavich
               Ellen T. Mathews
               Taylor B. Johnson

               Burr & Forman, LLP
               11 North Water Street, Suite 22200
               Mobile, Alabama 36602
               Tel: (251) 344-5151
               Fax: (251) 344-9696
               mstrasavich@burr.com
               tjohnson@burr.com

               420 20th Street N, Suite 3400
               Birmingham, Alabama 35203
               Tel: (205) 251-3000
               Fax: (205) 458-5400
               emathews@burr.com

                 *Counsel for Defendants*