## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ZP NO. 314, LLC, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 16-00521-B |
| ILM CAPITAL, LLC, *et. al.*, | * |
| Defendants. | * |

## ORDER

This action is before the Court on Plaintiff ZP No. 314, LLC's ("ZP's") Motion to Alter, Amend, or Vacate the Court's Order or, in the Alternative, Motion for Certification of Order for Interlocutory Appeal (Doc. 133); Defendants' Motion for Reconsideration (Doc. 135); and ZP's Motion for Oral Argument (Doc. 137), Motion to Strike (Doc. 140), and Motion to Stay the Case (Doc. 141). For each of the following reasons, ZP's motion to alter, amend, or vacate (Doc. 133) is **DENIED**; Defendants' motion for reconsideration (Doc. 135) is **DENIED**; and ZP's motion for oral argument (Doc. 137), motion to strike (Doc. 140), and motion to stay the case (Doc. 141) are **MOOT**.

Turning first to ZP's motion to alter, amend, or vacate the Court's previous order denying ZP's motion for summary judgment and granting Defendants' motion for summary judgment, in part (Docs. 130, 133), the Court notes at the outset that the premise of ZP's argument for reconsideration of the Court's previous order

is that "[t]he Eleventh Circuit has established binding precedent in Jysk Bed 'n Linen v. Dutta Roy, 810 F.3d 767 (11th Cir. 2015), which squarely held that *action* by the United States Patent & Trademark Office ("PTO") in *not requiring* evidence of 'secondary meaning' is presumptive evidence of the *inherent* distinctiveness (as opposed to 'acquired distinctiveness') of a mark." (Doc. 133 at 1) (emphasis added). Stated differently, ZP argues that the *fact* that the United States Patent and Trademark Office (USPTO) did not require ZP to produce evidence of "secondary meaning" is presumptive evidence of the *inherent* distinctiveness (as opposed to "acquired distinctiveness") of ZP's marks. ZP argues that its marks were *inherently* distinctive at the time of Defendants' alleged infringing conduct in this case, including at the time of Defendants' initial registrations of the domain names in this case, which pre-dated ZP's registrations of its marks with the USPTO. ZP further argues that, because its marks were inherently distinctive, as ostensibly evidenced by the USPTO not requiring proof of acquired secondary meaning, the Court should not have considered whether ZP's marks had acquired secondary meaning, but, rather, should have proceeded with its legal analysis of ZP's claims based on the premise that the marks were *inherently* distinctive.[1] ZP's arguments are misplaced.

---

[1] ZP states: "By virtue of their registration with the PTO without a requirement of a showing of secondary meaning, ZP's Marks are

2

First, despite insisting repeatedly that the USPTO found that ZP's marks were *inherently* distinctive when it granted registration of the marks, ZP has pointed to no evidence in the record whatsoever to support that alleged "fact." Moreover, despite insisting that the USPTO granted ZP's application for registration of its marks *without requiring ZP to produce evidence of "secondary meaning,"* which ostensibly would imply a finding of inherent distinctiveness by the USPTO, ZP has again cited no evidence whatsoever to support that alleged "fact." Indeed, the only citation to any evidence related to these alleged "facts" is ZP's reference to Exhibit 19 to Doc. 121, which includes a certificate of registration of the "One Ten Student Living" mark with the USPTO, notice of publication of the "One Ten" mark by the USPTO, and the State of Alabama registration of the "One Ten" mark. (Doc. 121-19 at 2). Nowhere in these documents or in any other evidence before the Court is there any indication of any consideration by the USPTO of the alleged *inherent* distinctiveness of ZP's marks. Contrary to ZP's arguments, there is no evidence that the USPTO instructed ZP that it would be unnecessary to produce evidence of secondary meaning of its marks; there is no evidence that ZP's marks were determined, expressly or impliedly,

---

presumed to have been inherently distinctive at the time of all of Defendants' wrongful conduct, and this presumption of inherent distinctiveness is alone sufficient to preclude summary judgment for the Defendants." (Doc. 133 at 4).

by the USPTO to be inherently distinctive; nor is there any evidence of any action or inaction by the USPTO with respect to any alleged finding of *inherent* distinctiveness of the marks. Thus, ZP's arguments for reconsideration fail for this reason alone.

Moreover, ZP's attempt to rely on the Eleventh Circuit's decision in Jysk is misplaced. In Jysk, the court found that the marks ("by design" and "by design furniture.com") had *acquired secondary meaning* after being used by the plaintiff for twenty-two years. In addition, the court noted evidence suggesting that the mark may also have been *inherently* distinctive. That evidence consisted of a letter from the USPTO to the owner of the mark expressly stating that the mark appeared to be inherently distinctive and eligible for registration without proof of acquired distinctiveness. Specifically, the court stated, "[a]dditionally, *in a November 2012 letter*, the United States Patent and Trademark Office responded to Jysk's application for acquired distinctiveness status for the bydesignfurniture.com mark, *stating that the application was 'unnecessary because the mark appears to be inherently distinctive* and is eligible for registration on the Principal Register without proof of acquired distinctiveness.'" Jysk, 810 F.3d at 779 (emphasis added).

In the instant case, there is no Jysk-like letter in the record. There is simply no evidence of an express or implied

4

finding by the USPTO that ZP's marks were inherently distinctive, nor is there any evidence from which such a finding could be inferred. The circumstances present in Jysk are simply not present here.[2]

However, in a case similar to the instant one, namely Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C., 931 F.2d 1519, 1524 (11th Cir. 1991), the plaintiff argued that the marks "Investacorp" and "Investcorp" were "inherently distinctive," as evidenced by the USPTO's action when it "passed the ["Investcorp"] mark on to publication."  The plaintiff argued that the USPTO would not have passed the mark on to publication unless it had found that the mark was more than "merely descriptive" and, thus, that the USPTO must have found the marks to be "inherently distinctive." Id. at 1524.  The Eleventh Circuit rejected the plaintiff's argument and affirmed the district court's grant of summary judgment for the defendant, stating:

> The soft spot in appellant's argument is that there is *no recorded finding* by the PTO that [the] service mark was not descriptive. Consequently, all that this Court can do is guess at what the PTO's determinations were

---

[2] ZP also incorrectly states that, "[i]n Jysk, this Circuit unequivocally held that where the PTO does not require evidence of secondary meaning in a mark that is the subject of a pending trademark application, then the mark is presumptively distinctive. . . ." (Doc. 133 at 5).  The Jysk court did not discuss any presumption arising from the USPTO's finding of inherent distinctiveness but merely noted the USPTO's finding, in addition to the court's finding of acquired secondary meaning. Jysk, 810 F.3d at 779.

5

> while evaluating the merit of each mark. We do not know whether the PTO even considered the descriptiveness of either mark. Although we will bestow proper respect to the determinations of the PTO, *we will not defer to an ethereal determination that is not affirmatively stated by the administrative agency*. Therefore, . . . the term "Investacorp" is merely descriptive and hence is not inherently distinctive.

Investacorp, 931 F.2d at 1524 (emphasis added).

In the instant case, as in Investacorp, there is no genuine issue of material fact on the issue of whether ZP's marks were "inherently distinctive." The record is simply devoid of any evidence whatsoever that the marks were anything other than descriptive marks and not entitled to protection unless they acquired secondary meaning *prior* to the dates that Defendants began registering, trafficking, or using the domain names. See Investacorp, 931 F.2d at 1524. It necessarily follows that because there is no evidence before the Court suggesting, let alone establishing, that ZP's marks were entitled to any protection prior to the date on which the marks were registered, there is no issue of material fact precluding summary judgment for Defendants on ZP's claims of alleged trademark violations occurring *before* registration of the marks on July 25, 2017. Accordingly, ZP has presented no bases for altering the Court's order denying ZP's motion for summary judgment.

The Court further finds that ZP has failed to demonstrate that an interlocutory appeal is appropriate in this case. 28 U.S.C. § 1292(b) allows for certification of an issue for interlocutory review when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S. C. § 1292(b). The Eleventh Circuit has explained that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals", and that "[m]ost interlocutory orders do not meet this test." OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.2d 1344, 1359 (11th Cir. 2008). The undersigned finds that ZP has failed to demonstrate that its motion involved a controlling question of law as to which there is substantial difference of opinion, or that an interlocutory appeal will materially advance the ultimate termination of this litigation. Accordingly, ZP's request for an interlocutory appeal is **DENIED**.

Turning, next, to Defendants' motion for reconsideration (Doc. 135), the Court finds that Defendants have merely reasserted the same arguments previously rejected by the Court. Therefore, those arguments will not be re-addressed here. See Lucky Cousins Trucking, Inc. v. QC Energy Res. Texas, LLC, 2016 U.S. Dist. LEXIS 188829, *2, 2016 WL 9211669, *1 (M.D. Fla. Sept. 20, 2016) ("The

7

Court will not reconsider where the motion, rather than raise new issues, merely relitigates what has already been found lacking."). Accordingly, Defendants' motion for reconsideration (Doc. 135) is **DENIED**.

Based on the foregoing, the Court finds that ZP's motion for oral argument (Doc. 137), motion to strike (Doc. 140), and motion to stay these proceedings (Doc. 141) are **MOOT**.

**DONE** this **16th** day of **November, 2018.**

                                       **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**