```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

ZP NO. 314, LLC,                  *
                                  *
    Plaintiff,                     *
                                  *
vs.                               *  CIVIL ACTION NO. 16-00521-B
                                  *
ILM Capital, LLC, *et al.*,       *
                                  *
    Defendants.                    *

### ORDER

This case is before the Court on Plaintiff ZP's motion for consideration of attorneys' fees, statutory equitable relief, and mediation, and Defendants' responses thereto. (Docs. 186, 187, 189). The motion has been briefed by the parties and is ripe for consideration. For the reasons set forth herein, ZP's motion is **GRANTED, in part, and DENIED, in part**.[1]

**I. Settlement conference or mediation.**

First, in response to ZP's request to reconvene mediation with the Court, Defendants have advised that they have no interest in a court-facilitated settlement conference or mediation at this time. (Doc. 186 at 11-12). Therefore, ZP's request is **DENIED** at this time. The parties may file a joint request for a court-facilitated

---

[1] ZP also has filed a motion for a permanent injunction. (Doc. 188). That motion has been fully briefed by the parties (Docs. 188, 190) and will be addressed by separate order.

settlement conference at any time.

**II. Damages.**

Following a bench trial in this case, the Court issued an order on September 30, 2019, finding in favor of ZP on its claims for unfair competition under the Lanham Act (15 U.S.C. § 1125(a)), trademark infringement and unfair practices under Alabama Code § 8-12-1, *et seq.*, contributory and vicarious liability with respect to the aforementioned claims, and injunctive relief.[2] (Doc. 176 at 22-30, 36-37). In ZP's instant motion, it seeks damages, including equitable relief in the form of an accounting of Defendants' profits, attorneys' fees and costs, nominal damages, and injunctive relief. The Court will address ZP's requests for damages in turn.

**A. "Defendants' profits" and "damages sustained by ZP."**

In its motion, ZP argues that a broad menu of remedies are available for trademark infringement under the Lanham Act, including "damages sustained by the plaintiff," "an accounting of defendant's profits," injunctive relief, attorneys' fees, and costs. (Doc. 187 at 2). Relying on Hard Candy, LLC v. Anastasia Beverly Hills, Inc., 921 F.3d 1343, 1352-53 (11th Cir. 2019), ZP seeks "an equitable accounting" of Defendants' profits in the

---

[2] The Court found against ZP and in favor of Defendants on ZP's cybersquatting claim under 15 U.S.C. § 1125(d) and its state law claim for intentional interference with business relations. (Doc. 176 at 12-22, 32).

2

instant case. In their response, Defendants do not dispute ZP's statement of the law but maintain that ZP *abandoned* any claim for "damages sustained by the plaintiff" or for "an accounting of defendants' profits" under the Lanham Act. (Doc. 189 at 2).

The record reflects that, in its amended complaint, ZP originally requested nominal relief, equitable relief, including preliminary and permanent injunctive relief, costs and attorneys' fees, and an order directing that Defendants give an accounting of "any and all profits derived by them from the sale of products or services through the use of the infringing marks" or domain names. (Doc. 60 at 14). However, in pretrial proceedings and at trial, ZP abandoned its claim for an accounting of profits and sought only nominal damages, injunctive relief, attorneys' fees, and costs related to its claims for unfair competition under the Lanham Act (15 U.S.C. § 1125(a)) and trademark infringement/unfair practices under Alabama Code § 8-12-1, *et seq*.[3] Indeed, in the parties' joint proposed pretrial document, ZP expressly sought "monetary relief for at least nominal damages," injunctive relief, statutory damages for cybersquatting, costs, and attorneys' fees. (Doc. 147 at 8-

---

[3] While ZP did seek statutory damages for cybersquatting and punitive damages for intentional interference with business relations under Alabama common law, ZP did not prevail on those claims at trial. Thus, those demands are not at issue here and do not, in any event, involve an accounting of Defendants' profits. (Doc. 60 at 14).

9). As Defendants point out, ZP's failure to identify in the joint proposed pre-trial document any additional categories of damages it was seeking, or any facts relating to the amount of those categories of damages, resulted in a waiver of the right to seek any such damages. See, e.g., Rockwell Int'l Corp. v. United States, 549 U.S, 457, 474 (2007) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint . . . .").

Further, at the pretrial conference, the Court instructed the parties to be prepared to present at trial all evidence regarding damages, except for the issue of attorneys' fees which would be bifurcated and decided after trial.[4] (Doc. 154). In the Court's pretrial order, the claims to be tried were listed as: whether there had been any violations of the Anti-cybersquatting Act (15 U.S.C. § 1125(d)(1)(A)), trademark infringement and unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act, federal common law, Alabama Code § 18-21-1, and Alabama common law, and, if so, whether statutory damages or injunctive relief should be awarded. (Doc. 161 at 1-2). The issue of attorneys' fees was bifurcated and reserved until after a ruling on liability and

---

[4] In truth, ZP's primary focus throughout this litigation and at trial was on its claim for statutory damages under the cybersquatting statute, on which ZP ultimately did not prevail at trial.

(Continued)

damages.  (Id.).

At trial, ZP offered no evidence regarding Defendants' profits or any damages suffered by ZP, nor did ZP request leave to do so at a later date.[5]  Moreover, in its proposed findings of fact and conclusions of law submitted *after* trial, ZP did not include any damages related to Defendant's profits or ZP's damages, but asked the Court to award injunctive relief, nominal damages, statutory damages for cybersquatting, punitive damages for ZP's state law intentional interference claim, attorneys' fees, and costs.  (Doc. 170 at 19-21).

Having reviewed the record at length, including the parties' many filings and representations to the Court, the Court finds that, with respect to the claims on which ZP prevailed, namely its claims for unfair competition under the Lanham Act and state law trademark infringement claims, ZP made the conscious and strategic decision to forego the recovery of any damages other than nominal damages, injunctive relief, attorneys' fees, and costs.  Indeed, at trial, ZP made no attempt to present any evidence of its damages or of Defendants' profits.  Accordingly, ZP's belated request for an equitable accounting in order to prove damages in the form of

---

[5] Defense counsel, on the other hand, elicited testimony from Defendant Hawrylak that neither he nor Defendant ILM Capital had profited from the alleged misconduct nor received any funds as a result of registering the domain names. (Doc. 166 at 181).

5

"defendant's profits" or "damages sustained by the plaintiff" for Defendants' trademark infringement and unfair competition under 15 U.S.C. § 1125(a) of the Lanham Act is **DENIED**.

**B. Attorneys' fees and costs.**

In its motion, ZP seeks leave to file a brief and supporting affidavits and documentation to support its claims for attorneys' fees and costs in this action. (Doc. 187 at 1-2). Defendants do not oppose ZP's motion to submit such documentation. (Doc. 189). Accordingly, ZP is **DIRECTED** to file a brief addressing its request for attorneys' fees and costs, specifically including an analysis of the criteria required by the Lanham Act for such an award and how that criteria has been met, along with supporting documentation of the claimed fees and costs, no later than **November 19, 2019**. Defendants are **DIRECTED** to respond by **December 10, 2019**.[6]

**DONE** this the **29th day of October, 2019**.

                                            **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[6] Although Defendants have suggested in briefing that they too may seek attorney's fees in this case, no such motion is pending before the Court.