IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ZP NO. 314, LLC,                    *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *  CIVIL ACTION NO. 16-00521-B
                                    *
ILM CAPITAL, LLC, et al.,           *
                                    *
     Defendants.                    *
```

**ORDER**

This action is before the Court on Defendants' motion to alter, amend, or vacate judgment. (Doc. 191). The Court finds that Defendants' motion can be resolved without the aid of briefing from Plaintiff, and for the reasons set forth herein, **DENIES** Defendants' motion.

**I.   Standard for Motion to Alter, Amend, or Vacate Judgment.**

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Ogburia v. Alabama Agric. & Mech. Univ., 2009 WL 10688644, *1 (N.D. Ala. May 4, 2009)(quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F. Supp. 2d 1185, 1189 (S. D. Ala. 2005); see also Spellman v. Haley, 2002 U.S. Dist. LEXIS 27308, *1, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002)("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"); Gipson v. Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007)(a party may not "utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."). "Motions to reconsider are not a platform to relitigate arguments previously considered and rejected." Gougler, 370 F. Supp. 2d at 1189 n.1 ("It is well established in this circuit that '[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.'"); see also American Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)(cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); Rossi v. Troy State University, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002)(denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission).

The Eleventh Circuit has also stressed that "a motion to reconsider should not be used by the parties to set forth new

2

theories of law." Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997); accord Russell Petroleum Corp. v. Environ Products, Inc., 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004); Coppage v. U.S. Postal Service, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001).

**II. Analysis.**

In their motion, Defendants argue that the Court applied the incorrect legal standard to ZP's Lanham Act (15 U.S.C. § 1125(a)) and state law trademark infringement/unfair competition claims, when the Court ruled on the parties' summary judgment motions over one year ago, on September 27, 2018.[1] (Docs. 130, 191). Specifically, Defendants state that the Court "conflated the less stringent 'confusingly similar' standard used in analyzing [cybersquatting] claims with the more comprehensive, and more difficult to satisfy, 'likelihood of consumer confusion' standard used in analyzing unfair competition and trademark infringement claims." (Doc. 191 at 2-3). Defendants further state that:

> [I]n the context of analyzing ZP's cybersquatting claim at summary judgment, the Court determined that the Domain Names and ZP's trademarks were 'confusingly similar.' Then, in the context of analyzing ZP's unfair

---

[1] Defendants argue that the Court applied the incorrect legal standard to ZP's state law claims for trademark infringement, as they utilize the same standard as the federal trademark infringement/unfair competition claims under Lanham Act. (Doc. 191 at 2). For the same reasons that Defendants' motion to alter, amend, or vacate is denied as to ZP's Lanham Act claim, it is also denied as to ZP's state law claims for trademark infringement.

3

>competition/trademark infringement claims, the Court short-circuited the 'likelihood of confusion' analysis by referencing its finding that the Domain Names were confusingly similar to ZP's marks. The Court carried this same analysis over into the Trial Order.

(Doc. 191 at 2).

In the Court's summary judgment order of September 27, 2018, the Court analyzed ZP's claims under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1125(d)(1)(A), explaining that a defendant violates the ACPA if it registers, traffics, or uses a domain name that is identical or confusingly similar to a distinctive mark with a bad faith intent to profit from its act(s). (Doc. 130 at 14). In the order, the Court concluded, as a matter of law, that Defendants' domain names were identical or confusingly similar to ZP's protectible marks. (Id. at 33).

In the Court's summary judgment order of September 27, 2018, the Court also analyzed ZP's Lanham Act and state law trademark infringement/unfair competition claims. (Id. at 39-51). With respect to ZP's Lanham Act claim, the Court explained:

>The Lanham Act, 15 U.S.C. § 1125(a), was intended to make "actionable the deceptive and misleading use of marks[,]" and "to protect persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. The Act provides a cause of action for unfair competition by stating:
>
>>(1) Any person who, on or in connection with any goods or services, . . . uses in

commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which --

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . .

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A). Actions brought under this section are commonly referred to as § 43(a) actions.

"Section 43(a) of the Lanham Act creates a federal cause of action for unfair competition by prohibiting the use in interstate commerce of any 'word, term, name, symbol or device, ... or any false designation of origin ... **which is likely to cause confusion** ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.'" Tana, 611 F.3d at 772 (quoting 15 U.S.C. § 1125(a). "To establish a prima facie case of trademark infringement under § 43(a), a plaintiff must show '(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name **that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two**.'" Id. (quoting Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc., 106 F.3d 355, 358 (11th Cir. 1997)); Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001); Conagra, 743 F.2d at 1512.

5

> . . .
> In sum, to establish its § 43(a) and federal common law unfair competition claims, ZP must establish that it had prior rights to the marks at issue; that Defendants adopted a mark or name **that was the same, or confusingly similar to, ZP's marks, such that consumers were likely to confuse the two**; and that Defendants used the marks in commerce. 15 U.S.C. § 1125(a)(1); <u>Planetary Motion</u>, 261 F.3d at 1188. . . .
>
> First, having previously found, as a matter of law, that Defendants' domain names at issue are confusingly similar to ZP's marks, that question is settled.

(Doc. 130 at 39-43).

In their motion to alter, amend, or vacate judgment, Defendants acknowledge that the Court set forth the proper standard when discussing the Lanham Act claims. (Doc. 191 at 3). Nevertheless, one year later, Defendants take issue with the fact that the Court "made no mention of the seven factor 'likelihood of confusion' analysis used by courts to a analyze unfair competition and trademark infringement claims." (<u>Id.</u> at 4) (citing cases). Defendants also take issue with the Court's statement that, "having previously found, as a matter of law, that Defendants' domain names at issue are confusingly similar to ZP's marks, that question is settled." (Doc. 130 at 43). Defendants argue that, by not repeating the Lanham Act standard in its entirety, although it had been set forth in its entirety in the previous paragraph, the Court applied the "confusingly similar" standard of cybersquatting

6

claims to the Lanham Act claims, instead of applying the "likely to cause confusion" standard applicable to Lanham Act claims. Defendants' argument is misplaced.

To be clear, the Court analyzed and found as a matter of law at the summary judgment stage (and that finding has been heretofore unchallenged in this litigation) that the domain names at issue in this case were confusingly similar to ZP's marks, so as to satisfy that element of ZP's cybersquatting claim. (Doc. 130). The Court also analyzed and found as a matter of law at the summary judgment stage (and that finding has been heretofore unchallenged in this litigation), that the domain names at issue in this case were confusingly similar *such that consumers were likely to confuse the two*, so as to satisfy that element of ZP's the Lanham Act and state law trademark infringement claims. (Id.). The Court reaffirms those findings now.

In Tana v. Dantanna's, 611 F.3d 767, 774-75 (11th Cir. 2010), the Eleventh Circuit stated:

> In evaluating whether there is a likelihood of confusion between two marks, our court applies a multifactor test, evaluating the following seven factors: (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will;

and (7) the existence and extent of actual confusion in the consuming public.

Evaluation of these factors overwhelmingly demonstrates that Defendants adopted a mark that was the same, or confusingly similar to, ZP's marks, such that consumers were likely to confuse the two. This is particularly true given that the domain names were identical or confusingly similar to ZP's marks and were intentionally chosen by Defendants for that reason; that Defendants are direct competitors of ZP and offer the same goods and services in the same locale as ZP; that Defendants and ZP both use the internet to advertise and compete for the same customer base; and that the Defendants have repeatedly exhibited bad faith in their dealings with ZP.

Therefore, Defendants' motion, which is without merit, is **DENIED**.

### III. Conclusion.

Based on the foregoing, Defendants' motion to alter, amend, or vacate judgment is **DENIED** on the grounds that Defendants have failed to show any new evidence suggesting Defendants' entitlement to a judgment in their favor on the claims at issue or any showing of clear error or manifest injustice.

**DONE** this **1st** day of **November, 2019.**

                                         /s/ SONJA F. BIVINS
                                 **UNITED STATES MAGISTRATE JUDGE**